IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PRINCE F. RASHADA,

                Plaintiff,

v.

KEVIN CARR, CINDY O'DONNELL,
RANDALL R. HEPP, L. BARTOW,
IMAM D. COATES, BRUCE SIEDSCHLAG,
M. GREENWOOD, and BRAD HOMPE,

                Defendants.

OPINION AND ORDER

19-cv-1032-slc

---

Pro se plaintiff Prince Rashada, a prisoner at Fox Lake Correctional Institution, is proceeding on claims under the free exercise and establishment clauses of the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA) that defendant prison officials denied his requests for a guided worship service and religious studies group specific to Nation of Islam (NOI) practices and beliefs. Before the court is defendants' motion for summary judgment in which they contend that Rashada's claims should be dismissed because he failed to exhaust his administrative remedies before filing this lawsuit. Dkt. 29. Also, Rashada has filed a declaration to which he has attached a proposed order to show cause for a preliminary injunction and temporary restraining order, which I will construe as a motion for preliminary injunctive relief. Dkt. 35.

Because defendants have shown that Rashada failed to exhaust his administrative remedies with respect to all of his claims, I will grant defendants' motion, dismiss Rashada's claims without prejudice, and close this case. Rashada's motion for preliminary injunctive relief will be denied as moot.

**OPINION**

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025. In sum, a prisoner fails to exhaust remedies where he fails to take advantage of specific procedures for obtaining review of his claims. *See Cannon*, 418 F.3d at 718. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). A failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proved by the defendants. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

The Wisconsin DOC policy relevant to defendants' exhaustion motion is § IV.A of Department of Adult Institutions (DAI) policy no. 309.61.01, which states that "[i]nmates shall submit DOC-2075 ["Request for New Religious Practice" form] to the Chaplain/designee when requesting authorization for a religious practice or property item not on the approved property list." Dkt. 31-1.[1] Once submitted, the inmate's request is reviewed by the institution's chaplain

---

[1] Rashada filed and refers to one page of an updated version of this policy. *See* dkt. 37-4. However, as defendants point out, the revised policy became effective on March 16, 2020, after the 2019 alleged incidents in this case.

and supervisor, who make a recommendation, then forward the request to the Religious Practices Advisory Committee (RPAC), which is comprised of community faith group representatives and corrections staff at DOC's central office.  *Id.* §§ IV.B-D.  The RPAC Executive Committee reviews the request, conducts research as needed, and makes a recommendation to the warden of the inmate's facility.  *Id.* § IV.E.  The inmate may appeal the denial of a DOC-2075 request through the inmate complaint review system (ICRS), which is set forth in the Wisconsin Administrative Code ch. DOC 310.  *Id.* § IV.F.

Defendants contend that Rashada neglected the first step in the administrative process because he failed to make a request for NOI-specific programming by completing a DOC-2075 form.  Rashada does not submit any evidence to refute defendants' claim.  Instead, he points out, and defendants agree, that he filed an inmate complaint in June 2019, alleging that he was being denied religious programming to practice the NOI.  Dkt. 32-2 at 11-12.  Defendant Bartow (the ICE) recommended dismissal of the complaint because Rashada had various means to supplement his religious practice without separate NOI programming, and defendant Hepp (the warden) agreed.  *Id.* at 2-4.  Rashada appealed, but defendant Hompe (the CCE) found that Rashada had failed to follow DOC policy by not submitting a DOC-2075 form, and defendant O'Donnell accepted the recommendation and dismissed Rashada's complaint in July 2019 on that ground.  *Id.* at 6.

As defendants point out, this court has made clear that "exhaustion of the DOC-2075 procedure is required in order to give prison officials the opportunity to develop a record regarding an inmate's request for religious accommodations."  *Schlemm v. Frank*, no. 11-cv-272-wmc, 2014 WL 2591879, at *9 (W.D. Wis. June 10, 2014), *aff'd in relevant part*,

3

*Schlemm v. Wall*, 784 F.3d 362 (7th Cir. 2015); *see also Henderson v. Jess*, no. 18-cv-680-jdp, 2020 WL 1154897, *2 (W.D. Wis. Mar. 10, 2020) (citing *Schlemm* and dismissing for failure to exhaust where no DOC-2075 filed); *Arroyo v. Boughton*, no. 18-cv-1055-jdp, 2019 WL 6716739, at *2 (W.D. Wis. Dec. 10, 2019) (same); *Greybuffalo v. Litscher*, no. 15-cv-8-bbc, 2017 WL 445388, at *1 (W.D. Wis. Feb. 1, 2017) (same).[2]  "If allowed to bypass the procedures for requesting religious services and property items by filing a DOC-2075, then the incentive that § 1997e(a) provides for prisoners to use this available administrative remedy will disappear." *Schlemm*, 2014 WL 2591879, *9.

In his response to defendants' motion for summary judgment, Rashada offers two arguments for why he did not fail to exhaust his claims.  First, he says that he was not required to file a DOC-2075 form because NOI is a subgroup under the Islam umbrella religion group (URG) and not a new religion or religious practice.  It appears that Rashada is arguing that a DOC-2075 form is not required when an inmate requests a new practice within a recognized religion.  However, this is not the case: "Wisconsin federal courts have previously granted exhaustion motions against plaintiffs who requested new practices or property items within recognized religions but failed to submit DOC-2075 forms before filing grievances."  *Arroyo*, 2019 WL 6716739, *2 (citing *e.g.*, *Howard v. Joyce Meyer Ministries*, no. 14-cv-1464, 2017 WL

---

[2] The Seventh Circuit has held that defendants may waive an exhaustion defense where the inmate followed the grievance process and prison officials addressed the grievance on the merits without indicating that it was procedurally deficient. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011); *Smith v. Lind*, no. 14-cv-796-slc, 2017 WL 2533539, at *2 (W.D. Wis. June 9, 2017).  Defendants argue in their motion that even though Rashada's complaint was initially dismissed on the merits, his appeal—which constitutes the final decision regarding his complaint—was dismissed based solely on his failure to file a DOC-2075. *Cf. Conyers v. Abitz*, 416 F.3d 580, 585 (7th Cir. 2005) (finding exhaustion defense unavailable where inmate complaint rejected *both* on merits and procedural grounds).  Rashada did not respond to defendants' argument or address the issue of waiver, and I agree that defendants did not waive their exhaustion defense in this case.

4

6507091, at *8 (E.D. Wis. Dec. 18, 2017) (failure to exhaust when prisoner didn't submit DOC-2075 form to request permission to wear religious emblem not on list of permitted items for recognized Pagan religious group); *Schlemm*, 2014 WL 2591879, at *9 (failure to exhaust when prisoner did not submit DOC-2075 form to request new services and approval of new items within already-recognized Native American URG)). *See also Greybuffalo*, 2017 WL 445388, at *2 (plaintiff failed to exhaust where he never submitted DOC-2075 form to request separate sweat lodge ceremony for Native American Church within Native American URG). Because Rashada sought new religious programming that had not been previously approved, he first had to submit a DOC-2075 to exhaust his administrative remedies.

Second, Rashada argues that even if a DOC-2075 was required, defendant Imam Coates (the chaplain) had a duty to tell him about the requirement and provide him with the appropriate form. He suggests that he was not aware of DAI Policy no. 309.61.01 because it is not part of the inmate handbook. However, the policy available to all inmates and it says nothing about prison officials assisting inmates in preparing or filing the DOC-2075. Moreover, Rashada has submitted a signed copy of a religious preference form that expressly references DAI Policy No. 309.61.01, dkt. 37-3, and he was told by the CCE in July 2019 that he needed to submit a DOC-2075. Therefore, the fact that prison staff did not inform Rashada that he was required to file a DOC-2075 form before filing a grievance "does not relieve [him] of his obligation under the PLRA to follow the DOC's administrative rules." *Arroyo*, 2019 WL 6716739, *1 (finding same).

In sum, I conclude that Rashada failed to properly exhaust his claims about NOI-specific programming. Therefore, defendants are entitled to summary judgment on Rashada's claims,

which will be dismissed without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice).

## ORDER

IT IS ORDERED that

1. Defendants' motion for summary judgment based on plaintiff's failure to exhaust his administrative remedies before filing suit, dkt. 29, is GRANTED. Plaintiff Prince Rashada's claims are DISMISSED without prejudice.

2. Plaintiff's renewed motion for preliminary injunctive relief, dkt. 35, is DENIED as moot.

3. The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 17th day of November, 2021.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge